Per Curiam.

A judgment by default was taken in this case; which it is said was irregular, because there was a plea filed. The objection is well taken, as the case is presented by the record. Next following the declaration, follows this language: “ And now here at this *519 day, to wit, the first Monday of May, in the year of our Lord one thousand eight hundred and thirty-nine, comes the said Stevenson Forbes, by his attorneys aforesaid, and the sheriff of Warren county, to wit, E. W. Morris, Gent., to whom the aforesaid writ in form aforesaid was directed, and made return thereof to the court here, thus endorsed, to wit, Received March 22d, 1839, E. W. Morris, sheriff, by C. C. Oates, deputy sheriff, — Executed on John Purvis, April 5th, 1839, E. W. Morris, sheriff, by S. M. Woods, deputy sheriff. — The within named Thomas C. Jenkins not found in my county, April 30th, 1839, E. W. Morris, sheriff. Whereupon comes the defendant, John Purvis, by E. H. Maxcy, Esq., his attorney: thereupon the said defendant, by his attorney aforesaid, filed in the circuit court of Warren county aforesaid his plea, in form following, to wit — ” Then follows the plea of non-assumpsit. The cause was then continued for two terms, and process taken to bring in the other defendant. After the two continuances, the suit was dismissed as to the defendant, Jenkins, and judgment by default taken against Purvis.
The record is untrue, or the judgment was taken in the face of the plea. The record not only places the plea in the place which it should occupy, but also shows that it was pleaded on the first Monday of May, which was the first day of the term. There is, therefore, no room to presume that the plea was filed after the judgment, unless we can indulge a presumption in the face of the record. Finding, as we do, the plea in its appropriate place, it must be understood as having been properly placed there. This understanding of the case is fortified, too, by the recital of the time at which the defendant appeared and pleaded. This is similar to the cases of Dickson v. Hoff, 3 Howard, 165, and Irving v. Montgomery, id. 191.
Judgment reversed.